## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Deanna Riggins**

☐ Superior or ☒ State Court of ___Clayton_____ County

| For Clerk Use Only | | | |
|---|---|---|---|
| **Date Filed** 2/7/2022 | | **Case Number** 2022CV00280 | |
| MM-DD-YYYY | | | |

**Plaintiff(s)**

Jalloh         Mariama
| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

All Power Trucking, LLC
| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

GuideOne Mutual Insurance Co.
| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Wherry     Dustin     L.
| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___Evan H. Howell___      **Bar Number** ___372190___      Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

☒ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Modification
☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

# EXHIBIT A

2022CV00280

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Deanna Riggins**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                                    Plaintiff

Vs.

                                    2022CV00280
                                    _____
                                    Case Number

_____

_____

_____
                                    Defendant

## __SUMMONS__

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By:_____/s/ DeAnna Riggins_____
Deputy Clerk

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Deanna Riggins

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| MARIAMA JALLOH, | |
| PLAINTIFF, | CIVIL ACTION |
| vs. | FILE NO.: _2022CV00280_ |
| ALL POWER TRUCKING, LLC, GUIDEONE MUTUAL INSURANCE CO., DUSTIN L. WHERRY, XYZ CORP., | |
| DEFENDANTS. | |

## COMPLAINT FOR PERSONAL INJURY DAMAGES
## AND DEMAND FOR JURY TRIAL

**COMES NOW**, the above Plaintiff, and shows this Court the following:

### I.  PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Plaintiff was a resident of Clayton County in the state of Georgia on the date of this wreck, July 17, 2021 (herein referred to in this Complaint as "Date of This Wreck").

3.

Defendant Dustin Wherry (hereinafter referred to as "Defendant" or "Wherry") is a resident of South Carolina and is subject to the jurisdiction of this Court. Defendant Wherry may be served at his personal residence located at 447 Farrell St., Mocks Corner, Berkeley County, South Carolina 29461. Jurisdiction and venue are proper as to this Defendant. This Defendant

has been timely and properly served with process in this action. Jurisdiction and venue are proper pursuant to Georgia's Non-resident Motorist Statute, O.C.G.A. § 40-12-1, et seq., as hereafter more fully appears. This action arises out of tortious acts or omissions Defendant Wherry committed in Georgia, which resulted in injury to the Plaintiff, a resident of Clayton County, Georgia.

4.

Defendant All Power Trucking, LLC (hereinafter referred to in this Complaint as "Defendant" or "All Power") is a foreign corporation registered and licensed to do business in Georgia and is subject to the jurisdiction and venue of this Court. Service may be made on said Defendant by serving its registered agent, Mr. Jeffrey Ahearn, 862 FM 39, Jewett, Texas 75846. Service on this Defendant has been timely and properly perfected. Jurisdiction and venue are proper pursuant to the Georgia Nonresident Motorist Act.

5.

At the time of the subject collision, Defendant GuideOne Mutual Insurance Company (hereinafter referred to as "Defendant" or "GuideOne") provided a policy of liability insurance on behalf of Defendant All Power, a common carrier for hire, and Defendant Wherry, the same being insurance policy number 62P10030001. Said policy was in effect on July 17, 2021. Defendant GuideOne is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 46-7-12. Service may be made upon Defendant's registered agent for service to wit: CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046. Jurisdiction and venue are proper as to this Defendant. This Defendant has been properly and timely served with process in this action.

6.

Defendant XYZ Corporation (hereinafter referred to as "XYZ"), is a corporation that will be served through its registered agent when the identity of XYZ is established. Jurisdiction and venue are proper as to XYZ Corporation.

7.

On July 17, 2021, Defendant Wherry was an employee and agent acting within the course and scope of his employment at all times with Defendant All Power. All Defendants are jointly and severally liable and Defendant All Power is liable for the actions of Defendant Wherry under theories of *respondeat superior*, vicarious liability, and agency principles.

8.

On July 17, 2021, Plaintiff Mariama Jalloh (hereinafter, "Plaintiff" or "Ms. Jalloh") was operating a vehicle traveling eastbound on Spur 14 near the I-85 northbound Spur 14 ramp in Fulton County, Georgia.

9.

At or about that same time, Defendant Wherry was also driving eastbound on Spur 14 in a tractor trailer, VIN # 1XPXD49X5FD273249.

10.

Defendant Wherry began to change lanes and he negligently and recklessly veered into Ms. Jalloh's lane of travel and struck her vehicle, causing permanent injuries to Ms. Jalloh.

11.

As a direct and proximate result of Defendants' negligence, jointly and severally, Plaintiff Jalloh sustained severe and permanent injuries and conscious pain and suffering.

2022CV00280

12.

Plaintiff Jalloh exercised ordinary care at all times relevant hereto and was completely free of any negligence in the collision at issue.

13.

Defendants Wherry and All Power were negligent in the operation of their vehicle as it relates to Plaintiff.

14.

Defendants Wherry and All Power's negligence and negligence per se included, but is not limited to, one or more of the following: making an improper lane change (in violation of O.C.G.A. § 40-6-123), negligently failing to maintain lane (in violation of O.C.G.A. § 40-6-48), negligently traveling at an excessive speed under the circumstances, negligently failing to maintain the vehicle under proper control, negligently failing to keep a proper lookout, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, and any other acts of negligence that may be proven at trial.

15.

Defendants failed to operate Defendants' vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Ms. Jalloh.

16.

Defendants negligently failed to keep a proper lookout and negligently failed to adhere to appropriate and obvious road markings.

2022CV002801

17.

Defendants' actions constituted negligence in operating their vehicle contrary to the reasonable and safe conditions and circumstances then existing. Defendants' actions constituted negligence by engaging in a driving manner that was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Ms. Jalloh.

18.

Defendants were negligent in failing to adhere to routine and common industry standards regarding the maintenance and operation of the tractor trailer at issue, including negligently failing to adequately inspect and maintain the tractor trailer at issue prior to use, and in negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

19.

At the time of the subject incident, Defendant Wherry was acting at the direction and under the control of Defendant All Power, was an agent and employee of Defendant All Power, operating his vehicle in the course and scope of his employment with Defendant All Power, and with the permission of Defendant All Power. As a result, Defendant Wherry's actions and/or omissions are imputed to Defendant All Power under the theories of *respondeat superior*, vicarious liability, and agency principles.

20.

Defendant All Power negligently hired, supervised, trained, and retained Defendant Wherry and the employees with supervisory responsibility of Defendant Wherry, and negligently entrusted the tractor trailer operation responsibilities to Defendant Wherry. Defendant All Power

negligently failed to implement and utilize proper procedures to evaluate Defendant Wherry's skills and expertise for the operation of said tractor trailer.

21.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailer to said management, agents, and employees, including Defendant Wherry.

22.

Defendants were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

23.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and applicable Federal rules regulations.

24.

Defendants were and are negligent *per se*.

25.

Defendants were negligent for all other acts of negligence as may be shown at trial.

26.

The injuries sustained by Plaintiff were the direct and proximate result of the negligence of the Defendants. But for said negligence, Plaintiff would not have suffered injuries.

27.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff suffered serious injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Lost wages;

h) Impaired ability to labor;

i) Incidental expenses;

j) Loss of earning capacity;

k) Past, present and future medical expenses;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

28.

As a result of Defendants' negligence, Plaintiff has incurred reasonable and necessary past medical expenses for the treatment of her injuries, already exceeding $56,685.00, and will

continue to incur expenses in the future including the expenses associated with her ongoing treatment, in an amount to be proven at trial.

29.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff. Defendants are jointly and severally liable for the injuries to Plaintiff and all damages recoverable under Georgia law.

30.

Plaintiff is entitled to recover punitive damages, from each of the Defendants, because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of conscious indifference to consequences. The Defendants acted with willful misconduct, malice, fraud, oppression, wantonness, and an entire want of care raising the presumption of conscience indifference to the consequences.  Accordingly, Plaintiff is entitled to recover punitive damages, without limitation or cap, from each of the Defendants, in accordance with the enlightened conscience of an impartial jury.

31.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

32.

Plaintiff states her intention and desire to bring each and every permissible, proper and authorized claim for damages permissible under all Georgia laws for the injuries he sustained as a result of Defendants' negligence.

WHEREFORE, the Plaintiff prays that:

(a) Process issue as provided by law;

(b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

(c) Plaintiff recover any and all damages allowed by law, including for conscious pain and suffering, as well as all general, special, compensatory, economic and punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury;

(d) Plaintiff have a trial by jury; and

(e) Plaintiff have such other relief as this Court deems just and proper.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted this 7th day of February, 2022.

**HOWELL & JOHNSON, LLC**

By: _____
EVAN H. HOWELL
State Bar No.: 372190
*Attorneys for Plaintiffs*

4200 NORTHSIDE PARKWAY
BLDG. #1, SUITE 200
ATLANTA, GEORGIA 30327
P: 470.819.3772 | F: 678.731.1593
E: ehowell@hojolaw.com

2022CV00280

e-Filed 2/7/2022 2:11 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Deanna Riggins

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MARIAMA JALLOH,

      PLAINTIFF,

vs.

ALL POWER TRUCKING, LLC,
GUIDEONE MUTUAL INSURANCE
CO., DUSTIN L. WHERRY,
XYZ CORP.,

      DEFENDANTS.

CIVIL ACTION
FILE NO.: _2022CV00280_____

### RULE 5.2

**COMES NOW** Plaintiff in the above-styled case, and hereby notifies the Court that she

has served a copy of the following discovery documents upon all parties:

- **Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant Wherry; and**

- **Plaintiff's First Interrogatories and Requests for Production of Documents to Defendants GuideOne Mutual Insurance Co. and All Power Trucking, LLC.**

Respectfully submitted this 7th day of February, 2022.

HOWELL & JOHNSON, LLC

By: _____

EVAN H. HOWELL
State Bar No.: 372190
*Attorneys for Plaintiff*

4200 NORTHSIDE PKWY., BLDG. 1, STE. 200
ATLANTA, GEORGIA 30327
P: 470.819.3772 | F: 678.731.1593
E: ehowell@hojolaw.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Deanna Riggins

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

MARIAMA JALLOH,

        PLAINTIFF,

vs.

ALL POWER TRUCKING, LLC,
GUIDEONE MUTUAL INSURANCE
CO., DUSTIN L. WHERRY,
XYZ CORP.,

        DEFENDANTS.

CIVIL ACTION
FILE NO.: _2022CV00280_

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ALL POWER TRUCKING, LLC AND GUIDEONE MUTUAL INSURANCE CO.

**COMES NOW** Plaintiff and requires the party to whom this document is addressed to answer under oath, under the provisions of O.C.G.A. § 9-11-33, the following Interrogatories within thirty (30) days from the date of service as provided by law.

## INSTRUCTIONS

(a) These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

(b) Unless otherwise stated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in Plaintiff's Complaint.

(c) Where name and identity of a person is required, please state full name, home address and business address, if known.

(d) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys. When an answer is made by corporate defendant, please state the name, address and title of the person supplying the information and making the affidavit and announce the source of his or her information.

(e) The pronoun "you" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

(f) "Identify" when referring to a: (a) person, means to state his or her full name, telephone number, present or last known home address, his or her job title or titles, by whom employed and address of the place of employment; (b) public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address and phone number.

## **INTERROGATORIES**

1. State in what capacity you are authorized to respond to these interrogatories on behalf of Defendant All Power Trucking, LLC (hereinafter, "Defendant" or "All Power") and Defendant GuideOne Mutual Insurance Co. (hereinafter, "Defendant" or "GuideOne"), your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to Defendant, the length of time employed by Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of Defendant, any trade name by which Defendant is identified or under which Defendant conducts business, and the address and telephone number of your principal office.

2. Identify any individual you are aware of that has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the occurrence.

3. If anyone investigated this matter for you (excluding your attorneys), including medical experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

4. If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the occurrence, the Plaintiff's physical condition, or the scene of the truck accident, identify the substance of such recording and the present custodian of each such item.

5. Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the truck accident or following the truck accident, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment, or report, the place where it took place, and the custodian of such statement.

6. State the name and specialty of all experts whom you propose to call as witnesses at trial, and for each expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

7. If you or your attorney will contend at trial that any other entity or person, a party to or not a party to, this lawsuit, was responsible for the Plaintiff's injuries, identify such person, persons or entities, and give a concise statement of the facts upon which you rely.

8. Please identify any policy of insurance or any insurance agreement that was in affect at the time of the truck accident and identify the type of policy, the identity of the insurance company the policy number and the policy limits and coverage afforded under the policy or policies and if your insurance has ever been cancelled or lapsed, please identify the carrier and when the cancellation or lapse occurred.

9. If Defendant Dustin L. Wherry (hereinafter "Defendant Wherry") was acting within the course and scope of his employment at the time of the wreck, please indicate whether you were required to file a report within the regular course of business as a result of the wreck and identify for whom Defendant Wherry was working at the time of the wreck.

10. Identify the property damage done to each vehicle as a result of the accident and which parts of those vehicles were damaged in the occurrence complained of, the name and address of the person or entity who repaired each vehicle, and the date and cost of repairs. If the vehicles have not been repaired, state the present location of said vehicles, the days of the week, the time of day, and the places they may currently be seen and identify any photographs of the vehicles involved in the collision.

11. Please state the name and address of the owner of the vehicle and/or trailer involved in this occurrence, and whether you had the permission of the owner of the vehicle and/or trailer to use the equipment, and the purpose for which you were using the equipment.

12. State whether you have information about whether Defendant Wherry consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours

prior to the accident, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

13. State the full itinerary of the vehicle involved in the subject wreck, stating the place and time of the beginning of the trip, the place and time and duration of each stop, the route taken, the destination and the anticipated time of arrival at that destination.

14. Please state with specificity exactly how this accident took place and include in your answer, the date of the accident, the time of the accident, the location of the accident, description of the vehicles (including make, model, year), where the vehicles were just prior to the accident, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the accident, the exact location of each vehicle in relation to the roadway prior to and upon impact, and where the vehicles came to rest.

15. Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the accident? If so, state the substance of such conversations and outline the contact.

16. Do you contend that the Plaintiff was contributorily negligent or assumed the risk of his or her injuries? If so, state the facts upon which you rely.

17. If Defendant Wherry was not acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address and employer of each and every person who has knowledge of such information.

18. Immediately following the subject wreck, please state:

    a.  The person at Defendant All Power and GuideOne who was first notified of the wreck?

b.  The date and time this person was notified?

c.  Whether anyone at Defendant All Power and GuideOne created a written record of the accident, and if so, whom?

d.  Is this record kept in any Vehicle Accident Investigation File or its equivalent?

e.  Is this record kept in the ordinary course of business?

19. Please list all prior accidents in which the Defendant Wherry has been involved, either with other persons or with property. Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

20. Did Defendant Wherry complete an application for employment or any other paperwork prior to being hired or employed by Defendant?

21. What, if any, background information did you obtain, or attempt to obtain, regarding Defendant Wherry's driving history and/or safety record prior to engaging his services or allowing him to use your vehicle and/or trailer?

22. What maintenance, if any, was performed on the subject vehicle for the six (6) months prior to the collision? For each such maintenance, please list the following:

a.  What prompted the maintenance visit;

b.  Who performed the maintenance;

c.  Who diagnosed the necessity for maintenance;

d.  What diagnosis was rendered;

e.  When were the repairs performed;

f.  What, if any, parts were replaced; and

g. Did the problem reoccur? If so, when?

23. Did Defendant make any safety inspection of the vehicle at the inception of the lease or contract?

24. Describe and explain in detail the method of calculating the pay, compensation, wages, salary, bonus, or commission for Defendant Wherry at the time of the collision and for one (1) year prior.

25. Describe all training that Defendant provides or requires for its drivers/operators, and include in your answer any training manuals or safety manuals provided to employees or independent contractors.

26. Disclose the interview process you employ before hiring any individual, including, but not limited to, any application for employment; driving test; medical evaluation; face-to-face, electronic or telephonic interview; verification of insurance information; licensing; and safety history.

27. Please describe the nature of your relationship with each of the named Defendants and please state whether or not you contend there is another entity or individual who is responsible in any way whatsoever for the injuries sustained by Plaintiff in the subject wreck and if you do make such a contention please identify that individual or entity and provide the proper name, registered agent, and principal place of business of each such entity you contend was responsible in any manner whatsoever for the subject wreck.

28. If you contend that service was insufficient or improper in any way in this matter please provide all facts supporting such allegations and provide the proper name, registered agent, and principal place of business of each named Defendant.

29. If you contend Defendant is improperly named or was not the employer of Defendant Wherry at the time of the wreck, please specify the name, address and registered agent of the entity that employed Defendant Wherry on the date of the wreck.

30. For all affirmative defenses raised in your Answer to Plaintiff's Complaint please detail all facts supporting those affirmative defenses.

## REQUESTS FOR PRODCUTION OF DOCUMENTS

Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff hereby requests that the Defendant respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Howell & Johnson, LLC, 4200 Northside Pkwy., Bldg. #1, Ste. 200, Atlanta, GA 30327.

## DEFINITIONS AND INSTRUCTIONS

A. This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., so as to require Defendants to serve or produce upon all parties supplemental answers or documents if Defendants or their attorneys obtain further information between the time the answers are served and the time of trial.  Plaintiff also requests that Defendants produce the originals of each document at trial and any deposition of Defendants or its agents or employees.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, please identify any documents withheld. If you object to the scope or time-period of the request, please answer the request for the scope or time period you believe is appropriate.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

Defendant is requested to produce and identify each of the following:

1. All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2. Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3. All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.  The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant Wherry personally. (This request seeks each and every policy that may provide coverage in any amount.)

5.  Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.  Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.  The complete personnel file of Defendant Wherry.

8.  Please produce Defendant Wherry's entire driver's qualification file.

9.  Please provide all maintenance and repair records on the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

10. All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred, or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

11. Each document submitted by you, or received from the police, the FMCSA, Department of Transportation, or any other entity investigating this incident.

12. All policies or procedures regarding the inspection and maintenance of said vehicle and any inspection records for the vehicle involved in the subject incident for the six (6) months prior to the wreck.

13. Any and all documents in any way pertaining to Defendant Wherry reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Defendant Wherry, his driving history, drug tests, results of any drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14. Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant Wherry or the vehicle at issue.

15. Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16. Copies of all company policies and procedures pertaining to the operation of vehicles and any policies and procedures that in anyway apply to, cover, or govern Defendant Wherry's employment.

17. Copies of all work orders, daily loads and/or work reports for the date of the subject wreck, as it relates to the driver, vehicle, or trip which is the subject of this incident.

18. Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a Defendant All Power in the state of Georgia for the ten (10) years prior to the date of the subject wreck.

19. All documents that you receive in response to your Requests for Production of Documents to nonparties.

20. Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21. Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22. Please produce the certificate of title, and/or other proof of ownership, for the vehicle involved in the wreck that is the subject matter of this civil action.

23. Any and all documents that support your allegations, if any, that the Defendants have been improperly named in this case, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24. Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25. Any report, correspondence, memorandum or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiff's injuries or damages.

26. Please produce any and all call logs, messages, letters, memoranda or other documents detailing any calls or complaints you have received from motorists or any other person

regarding Defendant Wherry. By way of example, and not limitation, if the vehicle at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question (a "How's my driving?" number), please produce any documents generated as a result of any calls or complaints received by Defendants.

27. All inspection reports, invoices, maintenance logs, repair logs, or documentation of any sort pertaining in any way to the subject tires that blew in the subject incident.  Copies of all daily inspection reports, bills of lading, driver's logs, and maintenance logs for the three (3) months leading up to the date of the subject wreck, as it relates to the driver, vehicle, trailer, or trip which is the subject of this incident.

Respectfully submitted this 7th day of February, 2022.

HOWELL & JOHNSON, LLC

By: _____

EVAN H. HOWELL
State Bar No.: 372190
*Attorneys for Plaintiffs*

4200 NORTHSIDE PARKWAY
BLDG. #1, SUITE 200
ATLANTA, GEORGIA 30327
P: 470.819.3772 | F: 678.731.1593
E: ehowell@hojolaw.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Deanna Riggins

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

MARIAMA JALLOH,

       PLAINTIFF,

vs.

ALL POWER TRUCKING, LLC,
GUIDEONE MUTUAL INSURANCE
CO., DUSTIN L. WHERRY,
XYZ CORP.,

       DEFENDANTS.

CIVIL ACTION
FILE NO.: ___2022CV00280___

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DUSTIN L. WHERRY

      **COMES NOW** the Plaintiff and requires the party to whom this document is addressed to answer under oath, under the provisions of O.C.G.A. § 9-11-33, the following Interrogatories within thirty (30) days from the date of service as provided by law.

### INSTRUCTIONS

(a) These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

(b) Unless otherwise stated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in Plaintiff's Complaint.

(c) Where name and identity of a person is required, please state full name, home address and business address, if known.

(d) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, attorneys. When an

answer is made by corporate defendant, please state the name, address and title of the person supplying the information and making the affidavit and announce the source of his or her information.

(e) The pronoun "you" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

(f) "Identify" when referring to a: (a) person, means to state his or her full name, telephone number, present or last known home address, his or her job title or titles, by whom employed and address of the place of employment; (b) public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address and phone number.

## INTERROGATORIES

1. State your full name, current address, date of birth, social security number, driver's license number and state which issued the driver's license, and both work and home address(es) for the last ten (10) years.

2. Identify any individual you are aware of that has personal knowledge of the facts and circumstances of this case, including eyewitnesses, passengers, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the occurrence.

3. If anyone investigated this matter for you, including medical experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

4. If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the occurrence, the Plaintiff's physical condition, or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

5. State whether you have within your possession or control, or have knowledge of, any transcripts of testimony, in any proceedings arising out of the occurrence. If so, state the date, the subject matter, the name and address of the person who has present possession of each said transcript of testimony.

6. Do you know of any statement, conversation, comment, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment, or report, the place where it took place, and the custodian of such statement.

7. State the name and specialty of all experts whom you propose to call as witnesses at trial, and for each expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

8. If you contend that any other entity or person, a party to or not a party to, this lawsuit, was responsible for the Plaintiff's injuries, identify such person, persons or entities, and give a concise statement of the facts upon which you rely.

9. Please identify any policy of insurance or any insurance agreement that was in affect at the time of the accident and identify the type of policy, the identity of the insurance company the policy number and the policy limits and coverage afforded under the policy or policies and if your

insurance has ever been cancelled or lapsed, please identify the carrier and when the cancellation or lapse occurred.

10. If you were acting within the scope of your employment at the time of the subject wreck, please indicate whether or not you were required to file a report within the regular course of business as a result of the truck accident, identify your employer and state what you were doing on behalf of your employer at the time of the truck accident.

11. Identify the property damage done to each vehicle and/or piece of equipment as a result of the truck accident, and which parts of those vehicles and/or equipment were damaged in the occurrence complained of, the name and address of the person or entity who repaired each vehicle, and the date and cost of repairs. If the vehicles have not been repaired, state the present location of said vehicles, the days of the week, the time of day, and the places they may currently be seen and identify any photographs of the vehicles involved in the collision.

12. Were you the owner of the vehicle or trailer involved in this occurrence? If no, state the name and address(es) of the owner(s), whether you had the permission of the owner of the vehicle and/or trailer to operate or use the equipment and the purpose for which you were operating or using the equipment.

13. State whether you consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the alleged occurrence, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

14. State the full itinerary of your vehicle, stating the place and time of the beginning of the trip, the place and time and duration of each stop, the route taken, the destination and the anticipated time of arrival at that destination.

15. Please state with specificity exactly how this accident took place and include in your answer, the date of the accident, the time of the accident, the location of the accident, where your vehicle was just prior to the accident, where the vehicles were just prior to the accident, how far away the Plaintiff's vehicle was from you just prior to the impact, the speed of your vehicle just before the accident, the speed of Plaintiff's vehicle just before the accident, the speed of the vehicles upon impact, and the exact locations in relation to the roadway before, and upon impact, and where the vehicles came to rest. If this was a chain reaction accident, identify the sequence of the impacts between the vehicles.

16. Did you have any conversations with the Plaintiff, witnesses to the truck accident, or investigators at the scene of the truck accident or anytime after the truck accident? If so, state the substance of such conversations.

17. Please list all prior accidents in which you have been involved, either with other persons or with property, and all violations you have received. Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

18. Since your eighteenth (18th) birthday, have you been convicted of a felony?

19. Do you contend that the Plaintiff was contributorily negligent or assumed the risk of her injuries? If so, state the facts upon which you rely.

20. Please give a complete history of your driving record, both personal and professional, for the last fifteen (15) years, including but not limited to, traffic citations, and inspection citations.

21. Identify any medical doctor, medical facility or healthcare professional you have seen in the last five (5) years for any reason, including regular check-ups or work related evaluations, and identify the healthcare provider by name, address and phone number.

22. Please state your employment history, supervisors, type of work and the length of time you were employed at each place of employment for the past ten (10) years.

23. State whether there has been a surveillance of Plaintiff's activities from the date of the incident referred to in Plaintiff's Complaint to the present, and if so, state:

    a.  The names and addresses of the persons conducting said surveillance, and the date or dates said surveillance was conducted.

    b.  Whether Defendants are in possession of surveillance reports, and if so, please state the names and addresses of those persons in possession of said reports.

    c.  Whether Defendants are in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, please state the names and addresses of those persons in possession of said reports.

24. Please state whether you completed a driver's accident report form detailing the incident?

25. Identify any training manual or safety manual you were given by Defendant All Power Trucking, LLC (hereinafter, "All Power") in this case.

26. Identify any training program or safety program you attended while working for Defendant All Power.

27. Disclose any interview process you went through before being hired by Defendant All Power in this case, including, but not limited to, any application for employment; driving test; medical evaluation; face-to-face, electronic or telephonic interview; verification of insurance information; licensing; and safety history.

28. Please describe the nature of your relationship with Defendant All Power.

29. If you contend that service was insufficient or improper in any way in this matter please provide all facts supporting such allegations and provide the proper residence and address for service on Defendant Wherry.

30. Please state whether you are admitting liability for this wreck and for all affirmative defenses raised in your Answer to Plaintiff's Complaint please detail all facts supporting those affirmative defenses.

## REQUESTS FOR PRODCUTION OF DOCUMENTS

Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff hereby requests that the Defendant respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Howell & Johnson, LLC, 4200 Northside Pkwy., Bldg. #1, Ste. 200, Atlanta, GA 30327.

## DEFINITIONS AND INSTRUCTIONS

A. This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or his attorney obtains further information between the time the answers are served and the time of trial.  Plaintiff also requests that Defendant produce the originals of each document at trial and any deposition of Defendant.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time-period of the request, please answer the request for the scope or time period you believe is appropriate.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

Defendant is requested to produce and identify each of the following:

1. All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2. Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3. All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4. The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendant in connection with this occurrence, including any coverage available to Defendant Wherry personally. (This request seeks each and every policy that may provide coverage in any

amount.)

5. Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6. Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7. Please provide all maintenance and repair records on the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the tractor and trailer involved in the occurrence which is the subject matter of this civil action.)

8. All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your truck, trailer or equipment at issue.

9. Each document submitted by you, or received from the police, the FMCSA, Department of Transportation or any other entity investigating this incident.

10. Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendant's defenses.

11. All documents that you receive in response to your Requests for Production of Documents to nonparties.

12. Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

13. Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

14. Please produce the certificate of title, and/or other proof of ownership, for the vehicle involved in the wreck that is the subject matter of this civil action.

15. Any and all documents that support your allegations, if any, that the Defendant has been improperly named in this case, that this Court lacks jurisdiction over any Defendant, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

16. Please produce a copy of Defendant's cell phone bill which reflects any and all calls made on the date of the subject wreck.

Respectfully submitted this 7th day of February, 2022.

HOWELL & JOHNSON, LLC

By: _____

EVAN H. HOWELL
State Bar No.: 372190
*Attorneys for Plaintiffs*

4200 NORTHSIDE PARKWAY
BLDG. #1, SUITE 200
ATLANTA, GEORGIA 30327
P: 470.819.3772 | F: 678.731.1593
E: ehowell@hojolaw.com

Civil Action No. _2022CV00280_

2022CV00280

Date Filed _2/7/22_

Superior Court ☐
State Court ☑   Magistrate Court ☐
Juvenile Court   Probate Court ☐

e-Filed 3/3/2022 4:23 PM

Georgia, _Clayton_ ~~Tike~~ COUNTY

_Marianne Jallow_
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

_____ Plaintiff

VS.

Attorney's Address
_Evan H. Howell_
_Howell & Johnson, LLC_
_4200 Northside Pkwy, Bldg #1, Ste 200_
_Atlanta, GA 30327_

Name and Address of Party to be Served.
_All Power Trucking, LLC_
_Reg Agent: Jeffrey Ahearn_
_862 FM 39_
_Jewett, Texas 75846_

_All Power Trucking, LLC_
_GuideOne Ins. Co. &_
_Dustin L. Wherry_

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☑
I have this day served the defendant _Jeffrey Ahearn_ _____ personally with a copy
of the within action and summons.
_Served at his request; at his office: 1325 N. Main, Ste #106 - Jewett, Tx. 75846_

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 _____.

_Sharon Williams_
_Leon County_                                    DEPUTY

SHERIFF DOCKET _____ PAGE _____

Case 1:22-cv-01047-TWT   Document 1   Filed 03/15/22   Page 37 of 53

2022CV00280                    RECORD ID
                               32004365

Filed 2/24/2022 4:55 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _2022 CV 00280_

Date Filed _2/7/22_

|  |  |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☑ | Probate Court ☐ |
| Juvenile Court ☐ |  |

Georgia, _Clayton_

_Mariama Jollah_

_____ Plaintiff

vs.

_All Power Trucking, LLC_
_Guide One Mutual Ins. Co. &_
_Dustin L. Wherry_

_____ Defendant

Attorney's Address
_Evan H. Howell_
_Howell & Johnson, LLC_
_4200 Northside Pkwy, Bldg #1, Ste 200_
_Atlanta, GA 30327_

Name and Address of Party to be Served.

_Guide One Mutual Ins. Co._
_Reg Agent: CT Corporation System_
_289 S. Culver Street_
_Lawrenceville, GA 30046_

RECEIVED
2022 FEB 11 AM 10:59
CIVIL DIV
G.C.S.C.

_____ Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

_____

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒
Served the defendant _Guide One Mutual Ins Co_ a corporation by leaving a copy of the within action and summons with _~~CT~~ Jane Richardson_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

_____

This _14_ day of _Feb_, 20_22_.

_W. Coberly  SO1332_
DEPUTY

SHERIFF DOCKET_____ PAGE _____

2022CV00280
e-Filed 3/15/2022 10:35 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

MARIAMA JALLOH,

      Plaintiff,

v.                                                          Civil Action File No. 2022CV00280

ALL POWER TRUCKING, LLC,
GUIDEONE MUTUAL INSURANCE CO.,
DUSTIN L. WHERRY, and XYZ CORP.,

      Defendants.

### DEFENDANT ALL POWER TRUCKING, LLC'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant All Power Trucking, LLC files its answer and defenses to Plaintiff's

Complaint and respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff may not recover against this Defendant because it breached no legal duty owed

to Plaintiff.

### SECOND DEFENSE

Plaintiff may not recover against this Defendant because no act or omission of this

Defendant was the proximate cause of the injuries complained of by Plaintiff.

### THIRD DEFENSE

Plaintiff's Complaint fails to state claim against this Defendant for which relief may be

granted.

### FOURTH DEFENSE

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A.

§ 51-12-33(b).

## FIFTH DEFENSE

Plaintiff may only recover against this Defendant based on its percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

## SIXTH DEFENSE

Plaintiff may not recover against this Defendant based on Plaintiff's failure to exercise ordinary care for her own safety.

## SEVENTH DEFENSE

Plaintiff may not recover against this Defendant because Plaintiff's negligence exceeded the negligence, if any, of this Defendant.

## EIGHTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## NINTH DEFENSE

Pending further investigation and discovery, this Defendant asserts all defenses that may be waivable under O.C.G.A. §9-11-8(c).

In further response to Plaintiff's Complaint, this Defendant responds as follows:

## I.  PARTIES, JURISDICTION, AND VENUE

1.

This Defendant can neither admit nor deny the allegations in Paragraph 1 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

2.

This Defendant can neither admit nor deny the allegations in Paragraph 2 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

3.

This Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies it is a foreign corporation registered to do business in Georgia. This Defendant states it is a limited liability company organized in the State of Texas. This Defendant admits it may be served through its registered agent, Mr. Jeffrey Ahearn at 862 FM 39, Jewett, Texas 75846. This Defendant states that venue is proper in the Northern District of Georgia as the parties are residents of different states and the amount in controversy exceeds $75,000.

5.

This Defendant admits it provided a policy of liability insurance on behalf of Defendant All Power Trucking, LLC which was in effect on July 17, 2021. This Defendant admits service may be made upon it through its registered agent, CT Corporation, at 280 S. Culver Street, Lawrenceville, Georgia. This Defendant can neither admit nor deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

6.

This Defendant can neither admit nor deny the allegations in Paragraph 6 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

7.

This Defendant admits Dustin Wherry was an employee of Defendant Power Trucking, LLC at the time of the incident alleged in Plaintiff's Complaint. This Defendant can neither admit nor deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same. This Defendant denies any wrongdoing, denies that any action or inaction of this Defendant was the proximate cause of any injury alleged by Plaintiff, and denies that Plaintiff is entitled to any relief against this Defendant.

8.

This Defendant can neither admit nor deny the allegations in Paragraph 8 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

9.

This Defendant can neither admit nor deny the allegations in Paragraph 9 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

10.

This Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant can neither admit nor deny the allegations in Paragraph 12 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

13.

This Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits that Defendant Wherry was an employee Defendant All Power, acting within the scope and course of his employment at the time of the incident.  This Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.  This Defendant denies any wrongdoing, denies that any action or inaction of this Defendant was the proximate

cause of any injury alleged by Plaintiff, and denies that Plaintiff is entitled to any relief against this Defendant.

20.

This Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies any wrongdoing, denies that any action or inaction of this Defendant was the proximate cause of any injury alleged by Plaintiff, and denies that Plaintiff is entitled to any relief against this Defendant.

This Defendant denies Plaintiff's prayer for relief and denies that Plaintiff is entitled to any recover against this Defendant.

All other allegations in Plaintiff's Complaint not otherwise hereinbefore responded to are denied.

WHEREFORE having fully answered, this Defendant respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiff.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 15TH day of March, 2022.

DREW ECKL & FARNHAM, LLP

/s/  Robert A. Quinn
Robert A. Quinn, Georgia Bar No. 473668
Alex M. Essex, Georgia Bar No. 949785
*Attorneys for Defendant - All Power Trucking, LLC*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
rquinn@deflaw.com
aessex@deflaw.com

2022CV00280

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Defendant All Power Trucking, LLC's Answer and Defenses to Plaintiff's Complaint** upon all parties concerned by electronically filing a copy of the within and foregoing by using Odyssey eFileGA which will automatically send email notification of such filing to the following attorney of record as follows:

Evan H. Howell
Howell & Johnson, LLC
4200 Northside Parkway
Bldg. #1, Suite 200
Atlanta, Georgia  30327
ehowell@hojolaw.com

This 15th day of March, 2022.

/s/  Robert A. Quinn
Robert A. Quinn, Georgia Bar No. 473668
Alex M. Essex, Georgia Bar No. 949785
*Attorneys for Defendant - All Power Trucking, LLC*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
rquinn@deflaw.com
aessex@deflaw.com

2022CV00280   e-Filed 3/15/2022 10:40 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

MARIAMA JALLOH,

     Plaintiff,

v.

ALL POWER TRUCKING, LLC,
GUIDEONE MUTUAL INSURANCE CO.,
DUSTIN L. WHERRY, and XYZ CORP.,

     Defendants.

Civil Action File No. 2022CV00280

## DEFENDANT GUIDEONE MUTUAL INSURANCE CO.'
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Guideone Mutual Insurance Co. files its answer and defenses to Plaintiff's

Complaint and respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff may not recover against this Defendant because it breached no legal duty owed

to Plaintiff.

### SECOND DEFENSE

Plaintiff may not recover against this Defendant because no act or omission of this

Defendant was the proximate cause of the injuries complained of by Plaintiff.

### THIRD DEFENSE

Plaintiff's Complaint fails to state claim against this Defendant for which relief may be

granted.

### FOURTH DEFENSE

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A.

§ 51-12-33(b).

**FIFTH DEFENSE**

Plaintiff may only recover against this Defendant based on its percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

**SIXTH DEFENSE**

Plaintiff may not recover against this Defendant based on Plaintiff's failure to exercise ordinary care for her own safety.

**SEVENTH DEFENSE**

Plaintiff may not recover against this Defendant because Plaintiff's negligence exceeded the negligence, if any, of this Defendant.

**EIGHTH DEFENSE**

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

**NINTH DEFENSE**

Pending further investigation and discovery, this Defendant asserts all defenses that may be waivable under O.C.G.A. §9-11-8(c).

In further response to Plaintiff's Complaint, this Defendant responds as follows:

**I.  PARTIES, JURISDICTION, AND VENUE**

1.

This Defendant can neither admit nor deny the allegations in Paragraph 1 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

2.

This Defendant can neither admit nor deny the allegations in Paragraph 2 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

3.

This Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant denies it is a foreign corporation registered to do business in Georgia. This Defendant states it is a limited liability company organized in the State of Texas. This Defendant admits it may be served through its registered agent, Mr. Jeffrey Ahearn at 862 FM 39, Jewett, Texas 75846. This Defendant states that venue is proper in the Northern District of Georgia as the parties are residents of different states and the amount in controversy exceeds $75,000.

5.

This Defendant admits it provided a policy of liability insurance on behalf of Defendant All Power Trucking, LLC which was in effect on July 17, 2021. This Defendant admits service may be made upon it through its registered agent, CT Corporation, at 280 S. Culver Street, Lawrenceville, Georgia. This Defendant can neither admit nor deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

6.

This Defendant can neither admit nor deny the allegations in Paragraph 6 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

7.

This Defendant admits Dustin Wherry was an employee of Defendant Power Trucking, LLC at the time of the incident alleged in Plaintiff's Complaint.  This Defendant can neither admit nor deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.  This Defendant denies any wrongdoing, denies that any action or inaction of this Defendant was the proximate cause of any injury alleged by Plaintiff, and denies that Plaintiff is entitled to any relief against this Defendant.

8.

This Defendant can neither admit nor deny the allegations in Paragraph 8 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

9.

This Defendant can neither admit nor deny the allegations in Paragraph 9 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

10.

This Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant can neither admit nor deny the allegations in Paragraph 12 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, places Plaintiff on strict proof of same.

13.

This Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits that Defendant Wherry was an employee Defendant All Power, acting within the scope and course of his employment at the time of the incident.  This Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.  This Defendant denies any wrongdoing, denies that any action or inaction of this Defendant was the proximate

cause of any injury alleged by Plaintiff, and denies that Plaintiff is entitled to any relief against this Defendant.

20.

This Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies any wrongdoing, denies that any action or inaction of this Defendant was the proximate cause of any injury alleged by Plaintiff, and denies that Plaintiff is entitled to any relief against this Defendant.

This Defendant denies Plaintiff's prayer for relief and denies that Plaintiff is entitled to any recover against this Defendant.

All other allegations in Plaintiff's Complaint not otherwise hereinbefore responded to are denied.

WHEREFORE having fully answered, this Defendant respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiff.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 15th day of March, 2022.

DREW ECKL & FARNHAM, LLP

/s/  Robert A. Quinn

Robert A. Quinn, Georgia Bar No. 473668
Alex M. Essex, Georgia Bar No. 949785
*Attorneys for Defendant –*
*Guideone Mutual Insurance Co.*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
rquinn@deflaw.com
aessex@deflaw.com

- 7 -

2022CV00280

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Defendant Guideone Mutual Insurance Co.'s Answer and Defenses to Plaintiff's Complaint** upon all parties concerned by electronically filing a copy of the within and foregoing by using Odyssey eFileGA which will automatically send email notification of such filing to the following attorney of record as follows:

Evan H. Howell
Howell & Johnson, LLC
4200 Northside Parkway
Bldg. #1, Suite 200
Atlanta, Georgia  30327
ehowell@hojolaw.com

This 15th day of March, 2022.

_____
Robert A. Quinn, Georgia Bar No. 473668
Alex M. Essex, Georgia Bar No. 949785
*Attorneys for Defendant –*
*Guideone Mutual Insurance Co.*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
rquinn@deflaw.com
aessex@deflaw.com